No. 1973
Second Circuit Appeal

---

M. L. DUCOTE v. TEXAS & PACIFIC RAILWAY COMPANY

---

(Jan. 12, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Obligations—Par. 146, 149.**
Plaintiff, whose fault has made it dangerous for the defendant to comply with his order, will not be allowed to re-

cover damages for defendant's failure to do a dangerous thing.

2. **Louisiana Digest—Obligations—Par. 176.** Defendant, sued in damages for a breach of contract, may plead that the loss was caused by plaintiff's failure to fulfil another contract, on which the first depended for its performance.

(Code of Practice, Articles 374, 375. Editor's note.)

Appeal from the Fourteenth Judicial District Court, Parish of Avoyelles, Hon. S. Allen Bordelon, Judge.

This is a suit for damages for failure to furnish box cars with which to ship cottonseed.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Lester Bordelon, of Marksville, attorney for palintiff, appellee.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellant.

REYNOLDS, J. This is a suit by M. L. Ducote for $286.00 against the T. & P. Ry. Co., for failure to furnish to the plaintiff two empty box cars in which to ship cotton seed on Sept. 8, 1920.

Defendant denies liability; 1st—On the ground that its failure to deliver said cars was caused by plaintiff failing to furnish the necessary ties with which to repair plaintiff's spur-track, in accordance with the agreement of plaintiff and defendant.

2nd: That plaintiff failed to take reasonable steps to minimize the damages complained of.

Plaintiff's fair and frank evidence furnishes to the defendant complete defense.

From plaintiff's evidence from page 7 of Transcript, we quote:

Q. And it was understood that you were to furnish these ties?

A. Yes sir, and I would have furnished them if I could have gotten them.

Transcript Page 6.

Q. Is it a fact that you failed to furnish any cross ties?

A. I placed a set of switch ties there July 5 and notified the company that I could not have those ties made on account of bad weather. Everybody in 1920 knew how bad the weather was and I could not furnish the ties. I furnished the switch ties on July 5.

From this evidence of plaintiff and other evidence in the record not disputed, it is apparent that plaintiff and defendant entered into an agreement by which the defendant was to keep plaintiff's spur track in repair, upon plaintiff furnishing the necessary cross ties.

That in July 1920, defendant notified plaintiff to furnish the necessary cross ties to repair his spur track and that he failed to do so on account of the bad weather.

That on September 7th, defendant spiked down plaintiff's spur track on account of its dangerous condition.

Under the condition plaintiff is not in position to recover damages from defendant for protecting itself against the dangerous condition of plaintiff's spur track, caused by plaintiff's failure to furnish the necessary ties to repair same.

Plaintiff, whose fault has made it dangerous for the defendant to comply with his order will not be allowed to recover damages for defendant's failure to do a dangerous thing.

Defendant, sued in damages for a breach of contract, may plead that the loss was caused by plaintiff's failure to fulfil another contract, on which the first depended for its performance. Langfitt vs. Clinton and R. Co. 2 Rob. 217-222.

Having reached this conclusion under the facts of this case it is unnecessary for us to pass upon defendant's second defense; that plaintiff failed to take reasonable

steps to minimize the damages complained of.

For these reasons, it is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed and the demands of plaintiff are hereby rejected at his cost in both courts.